IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINALDO C. ACOSTA, JR.,

                      Plaintiff,

   v.                                                                              OPINION and ORDER

SGT. MAKI, LT. TROCHINSKI, DAVE TARR,                  18-cv-726-jdp
and JOHN/JANE DOE,

                      Defendants.

---

Plaintiff Reinaldo C. Acosta, Jr., appearing pro se, is an inmate at Redgranite Correctional Institution. He has filed this lawsuit under 42 U.S.C. § 1983, alleging that he slipped, fell, and injured himself on a slippery bathroom floor at the prison. He brings Eighth Amendment claims against defendant prison officials for failing to take proper precautions or warn inmates about the unsafe conditions.

Acosta has paid the entire $400 filing fee, but because he is a prisoner seeking redress from government officers, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must read his pro se complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Having reviewed Acosta's complaint with these principles in mind, I conclude that Acosta's allegations do not state a constitutional claim over which this court would have jurisdiction. I will dismiss his complaint and give him a chance to file an amended complaint with allegations that support a constitutional claim.

Acosta alleges that he slipped, fell, and hit his head on the sink in a bathroom at the prison. The pipes in the bathroom had been known to be leaky, yet no "wet floor" signs were posted. Acosta's allegations are not detailed, but I take him to be saying that other inmates had complained about the slippery floor yet officials did nothing to make it safer.

Acosta contends that defendants' failure to improve the conditions violated his Eighth Amendment right against cruel and unusual punishment. Prisoners can state a claim under the Eighth Amendment by alleging facts suggesting that prison officials knowingly disregarded a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that the plaintiff must allege facts supporting an inference that defendants were personally aware of facts from which an inference could be drawn that the slippery floor posed a substantial risk of serious harm and that defendants actually drew that inference. *Id.*

Acosta's allegations at this point are not sufficient to show that prison staff disregarded a substantial risk of serious harm. Federal courts have generally concluded that slippery floors, by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a substantial risk of serious harm. *See, e.g., Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Reynolds v. Powell*, 370 F.3d 1028, 1031, 1032 (10th Cir. 2004) ("[S]lippery floors constitute a daily risk faced by members of the public at large. . . . [T]here is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim." (citation omitted)); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (requiring prisoner to shower in handcuffs and shackles "[did not] create[] a sufficiently unsafe condition [because] [e]ven if the floors of the

shower are slippery and [the prisoner] might fall while showering, slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." (citation omitted)).

Courts have on occasion concluded that slippery floors pose a significant risk of serious harm where hazardous factors in addition to the slippery surface are involved, such as when a prisoner has a disability and prison officials are aware of the prisoner's related falls and injuries. *See, e.g.*, *Johnson v. Martinez*, 68 F. App'x 66 (9th Cir. 2003) (holding that prisoner stated a constitutional claim based on allegations that he used a cane, had requested accommodations after he twice slipped and fell, and prison officials did nothing to prevent him from falling a third time); *Frost v. Agnose*, 152 F.3d 1124, 1129 (9th Cir. 1998) (finding a triable issue of fact on prisoner's claim that defendant failed to protect him from slippery floor where prisoner had a leg cast, used crutches, and had fallen and injured himself repeatedly). Acosta does not raise such allegations here.

Construing all of his allegations generously, Acosta has at most alleged a claim for the state-law tort of negligence. Negligence alone does not amount to a constitutional violation and cannot support a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding that slip-and-fall resulting from leaking air conditioner was not actionable under § 1983 because defendant's conduct amounted only to negligence). This federal court cannot hear cases involving only state-law claims unless Acosta meets the requirements for this court's diversity jurisdiction. Acosta does not explain his citizenship or that of any of the defendants. *See* 28 U.S.C. § 1332.

As currently written, Acosta's complaint does not state a claim for relief that this court may consider. But because he appears pro se, I am reluctant to dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("[W]hen a plaintiff—especially

a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). So I will give Acosta a chance to file an amended complaint. If, based on the case law cited above, Acosta believes he can state a claim related to his fall, he should draft an amended complaint including additional information that explains why be believes that prison officials subjected him to a substantial risk of harm. Or he should amend his allegations to explain that he and the defendants are citizens of different states. If Acosta does not provide an amended complaint by the deadline set below, I will dismiss the case for the court's lack of subject-matter jurisdiction over his state-law negligence claim.

ORDER

IT IS ORDERED that:

1. The complaint filed by plaintiff Reinaldo C. Acosta, Jr. is DISMISSED.

2. Plaintiff may have until November 2, 2018, to submit an amended complaint.

Entered October 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge