IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINALDO C. ACOSTA, JR.,

                Plaintiff,

v.                                                      ORDER

SGT. MAKI, LT. TROCHINSKI, DAVE TARR,           18-cv-726-jdp
and JOHN/JANE DOE,

                Defendants.

---

Plaintiff Reinaldo C. Acosta, Jr., appearing pro se, is an inmate at Redgranite Correctional Institution. He alleges that he slipped, fell, and injured himself on a slippery bathroom floor at the prison. He brings Eighth Amendment claims against defendant prison officials for failing to take proper precautions or warn inmates about the unsafe conditions.

I dismissed Acosta's complaint because his allegations did not state a constitutional claim over which this court has jurisdiction. *See* Dkt. 5. I stated that federal courts have generally concluded that slippery floors, by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a substantial risk of serious harm. *Id.* at 2–3. But I noted that in certain circumstances, slippery floors could pose a significant risk of serious harm under the Eighth Amendment, where hazardous factors in addition to the slippery surface are involved, such as when a prisoner has a disability and prison officials are aware of the prisoner's related falls and injuries. *Id.* at 3. I gave Acosta a chance to amend his complaint.

Acosta has responded with a proposed amended complaint, Dkt. 6, but his only major substantive change is to add that defendant prison officials were warned by inmates about the

conditions yet did nothing to fix them. But this is not enough to state a claim under the Eighth Amendment. *See, e.g., Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) (allegations about slippery floors did not support an Eighth Amendment claim even where officials were warned about conditions). Acosta has stated nothing more than a standard "slip and fall" claim, which belongs in state court under a negligence theory. I will dismiss this case for the court's lack of subject-matter jurisdiction over his state-law claims.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for lack of subject-matter jurisdiction.
2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered November 6, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge