IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINALDO C. ACOSTA, JR.,

          Plaintiff,

v.

SGT. MAKI, LT. TROCHINSKI, DAVE TARR, and JOHN/JANE DOE,

          Defendants.

OPINION and ORDER

18-cv-726-jdp

---

Plaintiff Reinaldo C. Acosta, Jr., appearing pro se, is an inmate at Redgranite Correctional Institution. He alleges that he slipped, fell, and injured himself on a slippery bathroom floor at the prison. He brought Eighth Amendment claims against defendant prison officials for failing to take proper precautions or warn inmates about the unsafe conditions.

I dismissed Acosta's complaint once and then dismissed the entire case because Acosta's allegations did not state a constitutional claim over which this court has jurisdiction. *See* Dkt. 5 and Dkt. 9. At most, Acosta alleged nothing more than standard "slip and fall" claims, which belonged in state court under a negligence theory.

Shortly after I dismissed the case and judgment was entered, Acosta filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), along with a second amended complaint. Acosta has added a new defendant, Health Services Unit Manager Angela Thompson, and new allegations that Thompson and defendant Security Director David Tarr ignored his injuries by refusing to approve off-site medical treatment.

When a district court has entered a final judgment, the plaintiff cannot amend his complaint under Rule 15(a) unless the judgment is modified, either by the district court under Rule 59(e) or 60(b), or on appeal. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw.*

*Indiana*, 786 F.3d 510, 521 (7th Cir. 2015). But a district court may apply the more lenient Rule 15(a)(2) standard to reopening a case that is dismissed for a plaintiff's failure to properly plead a claim for relief. *Id.* Acosta now includes allegations that support federal claims: his new Eighth Amendment medical-care claims. Because Acosta promptly brought his amendment, I conclude that justice requires reopening the case. So I will vacate the judgment and screen Acosta's claims.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer*, 511 U.S. at 847. To be considered "deliberately indifferent," an official must know of and disregard "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Acosta alleges that he was seriously injured but that both Thompson and Tarr refused to authorize him to be taken off-site for medical treatment, which he says harmed him further.

2

I conclude that Acosta has alleged enough to state Eighth Amendment claims against Thompson and Tarr.

Because Acosta has now stated federal-law claims, I can exercise supplemental jurisdiction over his negligence claims under 28 U.S.C. § 1367. Acosta alleges that defendants Tarr, Thompson, Sergeant Maki, and Lieutenant Trochinski were all aware of the slippery floor yet did nothing to fix the problem, either by directly fixing it or adequately training or supervising the other employees working on the unit. Under Wisconsin law, all claims of negligence require the same four elements: "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. I conclude that Acosta has stated negligence claims against these defendants.

One final point. Acosta names "John/Jane Doe" in the caption as a defendant or defendants, but he does not include any allegations against an unnamed official. So I will dismiss the Doe defendant.

ORDER

IT IS ORDERED that:

1. Plaintiff Reinaldo C. Acosta, Jr.'s motion to alter or amend the judgment, Dkt. 11, is GRANTED.

2. The court's judgment in this case, Dkt. 10, is VACATED.

3. Plaintiff is GRANTED leave to proceed on the following claims:

   - Eighth Amendment medical-care claims against defendants Angela Thompson and David Tarr.

   - Wisconsin-law negligence claims against defendants Thompson, Tarr, Sergeant Maki, and Lieutenant Trochinski.

4. Defendant "John/Jane Doe" is DISMISSED from the case.

5. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on defendants. Plaintiff should not attempt to serve defendants on his own at this time. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants.

6. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered February 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge