IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINALDO C. ACOSTA, JR.,

               Plaintiff,

    v.                                                            ORDER

NICHOLAS MAKI, JONAS TROCHINSKI, DAVE           18-cv-726-jdp
TARR, and ANGELA THOMPSON,

               Defendants.

---

Pro se plaintiff Reinaldo C. Acosta, Jr. alleges that he slipped, fell, and injured himself on a slippery bathroom floor at Redgranite Correctional Institution in January 2018 and was denied adequate medical treatment afterward. He is proceeding on claims that (1) Angela Thompson and David Tarr failed to provide him medical treatment, in violation of the Eighth Amendment and state negligence law; and (2) Thompson, Tarr, Nicholas Maki, and Jonas Trochinksi were all aware of the slippery floor but did nothing to fix the problem, in violation of state negligence law.[1]

Defendants have filed a motion for partial summary judgment on the grounds that (1) Acosta failed to exhaust his administrative remedies as to his Eighth Amendment claims against defendants Thompson and Tarr; and (2) Acosta failed to comply with Wisconsin's notice of claim statute, Wis. Stat. § 893.82, as to his negligence claims against Thompson, Tarr, and Trochinski. Dkt. 23. Acosta responded by asking the court to allow him to refile a notice of claim with the state. Dkt. 31.

---

[1] I have amended the caption to reflect the correct spelling of defendants' names.

I will grant defendants' motion to dismiss Acosta's Eighth Amendment claims against Thompson and Tarr because the undisputed evidence shows that Acosta failed to exhaust his administrative remedies as to those claims. I will decline to exercise jurisdiction over Acosta's state law claims, so I need not determine whether Acosta complied with Wis. Stat. § 893.82. I will deny Acosta's request to refile his notice of claim as moot.

ANALYSIS

Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step within the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants contend that Acosta failed to exhaust his administrative remedies as to his claims that Thompson and Tarr violated his Eighth Amendment rights by failing to provide

him adequate medical treatment for injuries he suffered after slipping on a wet floor. Defendants have submitted evidence showing that Acosta filed an inmate complaint about slipping and falling on the wet floor, but that he did not file any inmate complaint about being denied medical treatment afterward. *See* Dkt. 26-1 (Acosta's inmate complaint history report). Acosta has not submitted any contrary evidence showing that he filed an inmate complaint about not receiving medical care, so I will dismiss his Eighth Amendment claims against Thompson and Tarr for Acosta's failure to exhaust his administrative remedies.

Defendants also argue that Acosta's state law claims against Thompson, Tarr, and Trochinski should be dismissed because Acosta failed to file a notice of claim as required by Wis. Stat. § 893.82 as to his state-law claims against them. (Defendants do not dispute that Acosta filed a notice of claim as to his claim against Maki.) But I need not resolve this question because I will decline to exercise jurisdiction over Acosta's state-law claims.

A federal court generally does not have jurisdiction over state-law claims unless they are related to a federal claim that is pending in the same case, 28 U.S.C. § 1367, or if the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Because I am granting summary judgment for defendants on all of the federal claims, I will decline to exercise jurisdiction over Acosta's state-law negligence claims under § 1367. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 499–501 (7th Cir. 1999) ("[I]t is the well established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Acosta does not allege that he and defendants are citizens of different states and nothing in the complaint suggests that they are, so I cannot exercise jurisdiction under § 1332 either. Accordingly, I will dismiss Acosta's state-law claims without prejudice. Acosta may refile them

3

in state court, subject to the applicable Wisconsin statute of limitations and notice of claim requirements.

ORDER

IT IS ORDERED that

1. Defendants' motion for summary judgment, Dkt. 22, is GRANTED with respect to plaintiff Reinaldo C. Acosta, Jr.'s federal claims against defendants Angela Thompson and David Tarr. Those claims are DISMISSED WITHOUT PREJUDICE for Acosta's failure to exhaust his administrative remedies. The motion is DENIED as moot with respect to Acosta's claims against defendants Jonas Trochinski and Nicholas Maki.

2. Acosta's state-law claims are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

3. Plaintiff Reinaldo C. Acosta, Jr.'s motion for leave to refile his notice of claim, Dkt. 31, is DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered November 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge